## Case No. 16,182.

UNITED STATES v. RODRIGUEZ.

[1 Cal. Law J. 361.]

District Court, N. D. California. March 15, 1862.

MEXICAN LAND GRANTS — LOCATION OF BOUNDARIES—REJECTION OF SURVEY.

OPINION OF THE COURT. When the first official survey of the land confirmed in this case was before the court (Case No. 16,-181), it was excepted to on the part of the representatives of Simeon Castro, the grantee of the adjoining rancho on the south, because the southern boundary of the survey was fixed at the Arroyo de Frijoles instead of the Arroyo Butano. It appeared that the rancho of Gonzales, lying immediately north of the rancho of the claimants, was clearly bounded on the south by the Butano. If, then, the same creek should be taken to be the northern boundary of the Castro rancho, the effect would be to leave no land whatever between the two ranchos to satisfy the grant to the claimants of the Rodriguez or Butano rancho. After fully examining the diseños and grants in three cases, it was decided by the court that the northern boundary of the Castro grant, and, consequently, the southern boundary of the Rodriguez, was the Arroyo de Frijoles. It was also considered that the Arroyo del Butano was the southern boundary of the Gonzales tract; and, as the claim of the latter had been confirmed to a tract one league in length by three-fourths of a league in breadth, he was, when the survey was submitted for approval, permitted to locate his land, running northward from the Butano creek, along the shore of the sea, and eastward so far as was necessary to complete the quantity granted. It resulted that, between his northern and southern boundaries and to the eastward of the line drawn for quantity, a strip of land was left, which, though within the exterior boundaries of the tract, was not included in the survey. It is this strip of land which the claimants in the present case propose to appropriate in satisfaction of their grant for one league. If this location be permitted, no part of the land delineated on the diseño will be included. For the map evidently embraces a tract bounded by the Butano creek on the north and the Frijoles on the south, while the strip of land referred to lies wholly to the north of the Butano creek, and behind the tract, about one league long and three-fourths of a league wide, surveyed to Gonzales.

It is contended that this location is in entire conformity with the language of the grant

and the decree. The land confirmed to the claimants being "one square league, bounded by the Rancho de Punta del Año Nuevo (Castro's rancho), the sierra, and the sea." But it will at once be perceived that under no construction of these calls, can the location contended for be permitted. For having ascertained, as was done in the previous decision, and at the instance of the claimants, the line of the Punta del Año Nuevo grant, it only remained to locate one league of land bounded on the south by that line; on the east by the sierra and on the west by the sea. The northern boundary would thus be left to be determined by quantity: provided (and the determination of this point was expressly reserved) the survey could be permitted to cross the Butano creek. It is evident that the southern line of the rancho being determined, the calls for the sierra and the sea become definite and restricted, and must be deemed to refer not to any portion of the sierra or the shores of the ocean, to be arbitrarily selected, but to such portions of them respectively, as would form an eastern and western boundary to a rancho, the southern boundary of which was a line of the Punta del Año Nuevo rancho.

In the brief originally submitted by the counsel for the claimants, in the case at bar, it was insisted that the boundaries of the tract were, on the south, the Arroyo de los Frijoles (claimed to be the line of the Año Nuevo rancho), on the east, the mountain side; on the west, the ocean; and on the north, an east and west line, drawn one league south of the rancho of San Gregorio; that space being necessary to allow the location of the Gonzales tract, one league long by three-fourths in breadth, between the San Gregorio and the rancho of the claimants.

By the claimant's own admission, therefore, the southern boundary of his land must be the Arroyo de los Frijoles, or the line of the Castro rancho; and the eastern and western boundaries must be those portions of the sierra and of the seashore, lying contiguous to his southern boundary.

It remains to be determined whether he can be permitted to cross the Butano creek for the quantity. If the diseño be accepted as a guide, it is apparent that the Butano creek was fixed as the northern boundary of the tract solicited. It is equally clear that the same creek was designated as the southern boundary of the Gonzales rancho, which was an older grant. It is said, however, that the grant was not made with reference to the diseño; and that the claimants ought not to be confined to the tract thereon delineated. The land was originally solicited by Romana Sanchez. In the petition it is described "as exhibited on the accompanying diseño, and as one league in length, and one-half a league in breadth." On the 29th September, 1837, this petition was referred to the administrator of the ex-mission of Santa Cruz for his report. On the 11th October, 1837, Juan Gonzales reports that the land is vacant, and that it may

be granted. On the 19th February, 1838, the governor grants to the interested party one square league "in the said locality, provisionally," while the necessary "proceedings are going on." After receiving a further report from the prefect of the First district, the governor, on the 9th September, 1838, makes a more formal grant of the land. In this it is recited that, "whereas Romana Sanchez has solicited, etc., the land known by the name of 'Butano,' as is shown in the expediente, I have concluded to grant her the mentioned location, in extent one square league; said concession being understood to be provisional, and subject to the approbation or disapprobation of the excellent deputation."

On the 8th November, 1844, Jose Antonio Galindo, the son of Romana Sanchez, presented a petition to Governor Micheltorena, in which, after setting forth that, since 1838, they had become possessed of a location known by the name of "Butano," under a provisional document, issued by his excellency's predecessor, he solicits a ratification of the respective title, in order that he might obtain judicial possession, etc. This petition, having been referred to Jimeno, the latter reports, in view of the favorable reports appearing in the expediente, that there is no obstacle to granting the land, "having for boundaries precisely the rancho of the heirs of the deceased Simeon Castro." On the 13th November, 1844, the governor makes his decree of concession, declaring Doña Ramon Sanchez owner of the location called "Butano," bordering on the rancho of the heirs of Don Simeon Castro, the sierra, and the sea. On the 14th November of the same year, the formal title was issued. In this it is recited that, "whereas Doña Ramon Sanchez has solicited the ratification of the provisional title given to her from the year 1838 for the tract of land granted her, called 'Butano,' bordering on the rancho of the heirs of the deceased Simeon Castro, the serraina, and the sea, I have concluded to grant her the mentioned land," etc. The third condition declares the land granted to be one square league in extent.

It is plain from the proceedings and from the very language of the title that that instrument was intended merely as a ratification of the provisional concession of 1838; nor is there any reason to suppose any alteration of the boundaries of the tract provisionally conceded in 1838 was intended, except that it was to be limited on the south by the rancho of the heirs of the deceased Simeon Castro. To ascertain, therefore, what was the land, the title to which was ratified or made absolute by the grant of 1844, we must inquire what land was provisionally conceded in 1838. The provisional concession describes the land as "known by the name of 'Butano,' as is shown in the expediente." As the petition contained no description of the boundaries of the tract solicited, and the reports or informes make no mention of them, the only manner in which the expediente could have shown the tract

conceded was by the diseño which accompanied it and formed part of the expediente. We are thus referred, unavoidably, to the diseño to ascertain the limits of the tract known as "Butano," which the governor conceded, in 1838, and the title to which, without changing its name or alteration of boundaries, he granted, absolutely, in 1838. The diseño thus becomes a part of the grant in this as in other cases.

It appears, however, that the extent of the land solicited is stated in the petition to be one league in length by one-half league in width. But the provisional concession and the final grant declare the land granted to be one square league. It appears, therefore, that the governor granted to the petitioner a tract twice as wide as that solicited, and, in view of this augmentation, he may have adopted the sierra as the eastern boundary, thereby including land not embraced within the limits of the diseño. But I see no reason whatever to suppose that he intended, in any manner, to disturb the location of the northern boundary, which was plainly fixed on the diseño at the Butano creek, the same stream having been previously adopted as the southern boundary of the Gonzales rancho. It will be noticed that all the reports declare the land to be vacant. On the strength of these favorable reports, Jimeno recommends that the provisional title be issued. But these reports would not have been made—especially that of Juan Gonzales, who, it is presumed, was the grantee of the rancho on the north—had it been by any one supposed that the grant of Butano would include any part of the land already granted to Gonzales himself.

It has already been observed that by the terms of the grant the sierra forms the eastern boundary. The diseño shows that the Butano creek was intended as a boundary only on the north. But in ascending this stream from the ocean it is found that its course is, for a considerable distance, about southeast; that is, it flows in a northwest direction—but on approaching the sierra it bends to the south, running for nearly half its entire length near the base of the sierra, and nearly parallel with it and with the seashore. This portion of the stream is not represented on the diseño, neither does the sierra mentioned as the eastern boundary appear upon it. If, then, the grant be limited by the Butano, the sierra will not be reached, nor will the quantity be obtained.

It has, therefore, appeared to me on the whole, most just to adopt the Butano creek as the northern boundary only, so far as it is delineated on the diseño, and to permit the survey to be extended eastward for quantity to the sierra, notwithstanding that in so doing it will cross that portion of the Butano which runs near the base of, and parallel to the sierra. I think, therefore, that the official survey should be set aside; and that a new survey should be made, bounding the tract on the south by the Arroyo de los Frijoles, on

the west by the sea, on the north by the Arroyo Butano, so far as the same is delineated on the diseño, and thence crossing that stream to the sierra, and on the east by the sierra, so as to include an area one square league in extent.

[See Case No. 16,185, and note.]